43 F.3d 1439
 RENTCLUB, INC., Plaintiff-Counterclaim-Defendant,
Michael H. McCaskey; Maria M. McCaskey, Counterclaim-Defendants,
v.
TRANSAMERICA RENTAL FINANCE CORPORATION,
Defendant-Counterclaim-Plaintiff-Appellee,
Transamerica Commercial Finance Corporation, a/k/a
Borg-Warner Corporation, Defendant-Appellee,
Trenam, Simmons, Kemker, Scharf, Barkin, Frye and O'Neill,
P.A., Appellant.
 No. 93-3223.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 7, 1995.
 
 Keith E. Rounsaville, Marie Tomassi, Dinita L. James, Stanley H. Eleff, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, FL, for appellant.
 Dennis M. Campbell, Gregg H. Metzger, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, FL, for appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before COX, BLACK and BARKETT, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Professional Association of Trenam, Simmons, Kemker, Scharf, Barkin, Frye and O'Neill, P.A. ("Trenam, Simmons") appeals the district court's decision disqualifying Trenam, Simmons as counsel for Michael H. McCaskey and Maria M. McCaskey ("the McCaskeys") in their action against appellees Transamerica Rental Finance Corporation and Transamerica Commercial Finance Corporation ("Transamerica"). The district court disqualified Trenam, Simmons for the alleged impropriety or appearance of impropriety arising from its retention and payment of a former Transamerica employee who testified against Transamerica in this lawsuit. Rentclub, Inc. v. Transamerica Rental Finance Corp., 811 F.Supp. 651 (M.D.Fla.1992). We affirm.
 
 
 2
 In November 1990, Rentclub, Inc. ("Rentclub") sued Transamerica. Transamerica counterclaimed and named the McCaskeys as counterclaim defendants, alleging that they provided absolute and unconditional guarantees for Rentclub's obligations. Trenam, Simmons represented Rentclub and the McCaskeys in this action. In January 1992, Michael McCaskey, with Trenam, Simmons' knowledge, informally retained Rafael R. Canales to act as "trial consultant" in the action against Transamerica. Canales, who had served as financial officer for Transamerica between May 20, 1989 and September 23, 1991 was to provide general knowledge and experience concerning the rent-to-own industry.
 
 
 3
 On February 6, 1992, Trenam, Simmons officially retained Canales on behalf of Rentclub, and paid him $5,000. A few days later, Canales testified on behalf of the McCaskeys about Transamerica's managerial practices, strategies, and other factual matters he learned while an employee of Transamerica. Although Trenam, Simmons concedes that it used Canales as a fact witness and not simply as a trial consultant, it argues that it did not intend to use him as a fact witness at the time it retained him. Trenam, Simmons asserts that it ultimately had to call Canales as a fact witness because the scheduling of a hearing "left no time for formal discovery on matters within Canales' particular knowledge," and because "Canales was the only witness available with respect to those facts reflected in his affidavit."
 
 
 4
 The district court found that the payment to Canales made it appear that Trenam, Simmons had both induced Canales to disclose confidential matters relating to Transamerica, in violation of Rules 4-1.6, 4-4.2 & 4-8.4(d) of the Rules Regulating the Florida Bar, as well as paid him for his factual testimony rather than his work as a "trial consultant," in violation of Rules 4-8.4(c) & 4-8.4(d). Rentclub, 811 F.Supp. at 654. We conclude that the district court did not abuse its discretion in finding that there was the appearance of impropriety in the payment to Canales. Accordingly, we AFFIRM the district court's order.